ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § § | Criminal No. 3:12-CR-392-O |
| TONY HERNANDEZ (1) | § | |

## PLEA AGREEMENT

Tony Hernandez, defendant, Kenneth Weatherspoon, the defendant's attorney, and the United States of America (the government), agree as follows:

1.  **Rights of the defendant**: Hernandez understands that he has the rights

    a.  to plead not guilty;

    b.  to have a trial by jury;

    c.  to have his guilt proven beyond a reasonable doubt;

    d.  to confront and cross-examine witnesses and to call witnesses in his defense; and

    e.  against compelled self-incrimination.

2.  **Waiver of rights and plea of guilty**: Hernandez waives these rights and pleads guilty to the offense alleged in Count One of the indictment, charging a violation of 21 U.S.C. § 846, that is, conspiracy to distribute and possess with intent to distribute five hundred (500) grams or more of a mixture and substance containing a detectable amount of methamphetamine. Hernandez understands the nature and elements of the crime to which he is pleading guilty and agrees that the factual resume he has signed is true and will be submitted as evidence.

Plea Agreement - Page 1

3. **Sentence**: The maximum penalties the Court can impose in Count One include:

    a. imprisonment for a period not less than ten (10) years, and not to exceed Life;

    b. a fine not to exceed $10,000,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

    c. a term of supervised release of not less than five (5) years, which is mandatory under the law and will follow any term of imprisonment. If Hernandez violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

    d. a mandatory special assessment of $100;

    e. restitution to victims or to the community, which is mandatory under the law, and which Hernandez agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;

    f. upon conviction of an offense involving distribution of a controlled substance, the defendant is, in the discretion of the Court, subject to denial of any or all "federal benefits" as defined in 21 U.S.C. § 862(d);

    g. costs of incarceration and supervision; and,

    h. forfeiture of property.

4. **Court's sentencing discretion and role of the Guidelines**: Hernandez understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. Hernandez has reviewed the guidelines with his attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. Hernandez will not be allowed to withdraw his plea if his

sentence is higher than expected. Hernandez fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

5. **Mandatory special assessment**: Hernandez agrees to pay to the U.S. District Clerk the amount of $100.00, in satisfaction of the mandatory special assessment in this case.

6. **Defendant's agreement**: Hernandez shall give complete and truthful information and/or testimony concerning his participation in the offense of conviction. Upon demand, Hernandez shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution. Hernandez expressly authorizes the United States Attorney's Office to immediately obtain a credit report on him in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court. Hernandez fully understands that any financial obligation imposed by the court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy defendant's full and immediately enforceable financial obligation. Hernandez understands that he has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the court.

7. **Forfeiture of property:** Hernandez agrees not to contest, challenge, or appeal in any way the administrative or judicial (civil or criminal) forfeiture to the United States of any property noted as subject to forfeiture in the Indictment/Information and in any bills of particulars, or seized or restrained by law enforcement officers during the investigation(s) related to this criminal cause on or about November 5, 2012, including, but not limited to, firearms, ammunition, and vehicles seized from various locations used by the drug trafficking organization. Hernandez consents to entry of any orders or declarations of forfeiture regarding all such property and waives any requirements (including notice of forfeiture) set out in 19 U.S.C. §§ 1607-1609; 18 U.S.C. §§ 981, 983, and 985; the Code of Federal Regulations; and Rules 11 and 32.2 of the Federal Rules of Criminal Procedure. Hernandez agrees to provide truthful information and evidence necessary for the government to forfeit such property. Hernandez agrees to hold the government, its officers, agents, and employees harmless from any claims whatsoever in connection with the seizure, forfeiture, storage, or disposal of such property.

8. **Government's agreement**: The government will not bring any additional charges against Hernandez based upon the conduct underlying and related to Hernandez's plea of guilty. The government will file a supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. The government will dismiss, after sentencing, any remaining charges in the pending indictment. This agreement is limited to the United States Attorney's Office for the Northern District of

Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Hernandez or any property.

9. **Violation of agreement**: Hernandez understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Hernandez for all offenses of which it has knowledge. In such event, Hernandez waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Hernandez also waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

10. **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

11. **Waiver of right to appeal or otherwise challenge sentence**: Hernandez waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Hernandez, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at

sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

12. **Immigration consequences**: Hernandez recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which Hernandez is pleading guilty. Indeed, because Hernandez is pleading guilty to a conspiracy to distribute and possess with intent to distribute five hundred (500) grams or more of a mixture and substance containing a detectable amount of methamphetamine, removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and Hernandez understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Hernandez nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea of guilty may entail, even if the consequence is his automatic removal from the United States.

13. **Representation of counsel**: Hernandez has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation. Hernandez has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, Hernandez

has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

14. **Entirety of agreement**:   This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this __31__ day of __January__, 2013.

_Tony Hernandez_
TONY HERNANDEZ
Defendant

SARAH R. SALDAÑA
UNITED STATES ATTORNEY

_John Kull_  01|04|13
JOHN KULL
Assistant United States Attorney
Texas State Bar No. 00791057
1100 Commerce Street, 3rd Floor
Dallas, Texas 75242-1699
Telephone: 214.659.8600
Facsimile: 214.659.8803
E-mail: john.kull@usdoj.gov

_Kenneth Weatherspoon_
KENNETH WEATHERSPOON
Attorney for Defendant
Texas State Bar No. 21004100

RICHARD CALVERT
Deputy Criminal Chief
Texas State Bar No. 03669700

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____     __1/30/13_____
TONY HERNANDEZ                                            Date
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____     __1/30/13_____
KENNETH WEATHERSPOON                           Date
Attorney for Defendant