```
 1                IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
 2                        DALLAS DIVISION

 3   UNITED STATES OF AMERICA,     )    Case No. 3:12-CR-0392-O
                                   )    Magistrate No. 3:12-MJ-491-BH
 4           Plaintiff,            )
                                   )
 5   V.                            )    Dallas, Texas
                                   )    November 6, 2012
 6   TONY HERNANDEZ (1); JOHNNY    )    2:00 p.m.
     ANGEL GAMEZ (2); SERGIO       )
 7   PICASSO-NIETO (3); MIGUEL     )    INITIAL APPEARANCES
     QUINTERO (4); AGNE VASQUEZ    )
 8   (5); ROBERTO VASQUEZ (8),     )
     AND MARIA REYNA VASQUEZ (9),  )
 9                                 )
             Defendants.           )
10   _____)

11                     TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE IRMA CARRILLO RAMIREZ,
12                 UNITED STATES MAGISTRATE JUDGE.

13   APPEARANCES:

14   For the Plaintiff:        John Kull
                               U.S. ATTORNEY'S OFFICE
15                             1100 Commerce Street, Suite 300
                               Dallas, TX  75242-1699
16                             (214) 659-8600

17   For Defendant Gamez:      Edwin J. Tomko
                               CURRAN TOMKO TARSKI, LLP
18                             2001 Bryan Street, Suite 2000
                               Dallas, TX  75201
19                             (214) 270-1400

20   For Defendant Picasso-    Robert J. Herrington
     Nieto:                    LAW OFFICE OF ROBERT J. HERRINGTON
21                             PO Box 262234
                               Plano, TX  75026-2234
22                             214/557-0577

23   For Defendant Quintero:   Sharita Blacknall
                               THE LAW OFFICES OF SHARITA
24                               BLACKNALL, P.C.
                               5001 Spring Valley Road, Suite 400
25                                 East
                               Dallas, TX  75244
                               (214) 678-9111
```

```
 1  APPEARANCES, cont'd.:

 2  For Defendant Agne          James G. Jamison
    Vasquez:                    LAW OFFICE OF JAMES G. JAMISON
 3                              529 W 12th Street
                                Dallas, TX  75208
 4                              (214) 941-5700

 5  For Defendant Roberto       Terence J. Hart
    Vasquez:                    BRACEWELL & GIULIANI, LLP
 6                              1445 Ross Avenue, Suite 3800
                                Dallas, TX  75202
 7                              (214) 468-3800

 8  For Defendant Maria         Laura S. Harper
    Vasquez:                    FEDERAL PUBLIC DEFENDER'S OFFICE
 9                              525 Griffin Street, Suite 629
                                Dallas, TX  75202
10                              (214) 767-2746

11  Spanish-English            Alma Adriano
    Interpreter:
12
    Recorded by:                Marie Ramos
13                              UNITED STATES DISTRICT COURT
                                1100 Commerce Street, Room 1452
14                              Dallas, TX  75242-1003
                                (214) 753-2167
15
    Transcribed by:             Kathy Rehling
16                              311 Paradise Cove
                                Shady Shores, TX  76208
17                              (940) 498-2402

18

19

20

21

22

23

24

25          Proceedings recorded by digital sound recording;
              transcript produced by transcription service.
```

1              <u>DALLAS, TEXAS - NOVEMBER 6, 2012 - 2:23 P.M.</u>

2              THE COURT:  All right.  Are we ready to proceed with

3    the next matter?  Ms. Adriano, have you had a chance to

4    interpret the complaint?

5              THE INTERPRETER:  I have read up to Page 6, and I

6    believe it's an 18 -- 18-page document.

7              THE COURT:  Okay.

8              THE INTERPRETER:  Twenty.

9              THE COURT:  So do we need to take a recess for you to

10   complete the --

11             THE INTERPRETER:  If I need to read the whole thing,

12   yes.

13             THE COURT:  Yes.  Okay.  And who needs the

14   interpreter?

15             THE INTERPRETER:  Maria Vasquez and Agne Vasquez.

16   Sergio.

17             THE COURT:  All right.  And does Mr. Agne Vasquez need

18   an interpreter?

19             MR. JAMISON:  No.

20             THE COURT:  No?  Okay.  Ms. Adriano, can you interpret

21   while I proceed with the other --

22             THE INTERPRETER:  Sure.

23             THE COURT:  -- people?  That won't disturb you?

24             THE INTERPRETER:  Not the other people.  I'll be

25   quiet, Your Honor.

```
 1              THE COURT:  Thank you.  All right.  Well, let's start
 2   with -- let's have Agne Vasquez please stand.  Tony Hernandez.
 3   Johnny Angel Gamez.  Miguel Quintero.  Roberto Vasquez.  All
 4   right.  I am going to advise you all of your constitutional
 5   rights.  You have the right to remain silent.  You're not
 6   required to make any statement about any charge against you.
 7   If you have made a statement, you're not required to say any
 8   more.  If you start to make a statement, you can stop at any
 9   time.  Any statement made by you can later be used against you.
10      You have the right to the assistance of an attorney at all
11   stages of the proceedings.  If you cannot afford an attorney,
12   one will be appointed for you.
13      Let's get started with Mr. Hernandez.  Why don't -- the
14   rest of you may have a seat.  I'll come back to your cases in
15   just a moment.
16      Mr. Hernandez, why don't you come up to the podium.  Mr.
17   Hernandez, do you understand the constitutional rights that I
18   have just explained to you?
19              DEFENDANT HERNANDEZ:  Yes.
20              THE COURT:  All right.  Did you get a copy of the
21   criminal complaint against you?
22              DEFENDANT HERNANDEZ:  Yes.
23              THE COURT:  Have you had a chance to read it?
24              DEFENDANT HERNANDEZ:  I'm not done yet, but --
25              THE COURT:  Okay.
```

1              DEFENDANT HERNANDEZ:  -- I'm almost.  About three more

2   pages.

3              THE COURT:  Do you understand that you're being

4   charged in a drug conspiracy?

5              DEFENDANT HERNANDEZ:  Yes.

6              THE COURT:  Okay.  Have you -- you have hired an

7   attorney to represent you in this case.  Is that right?  Or

8   your family has hired one for you?

9              DEFENDANT HERNANDEZ:  Yes.

10             THE COURT:  All right.  So you don't need the Court to

11  appoint an attorney for you?

12             DEFENDANT HERNANDEZ:  No.

13             THE COURT:  Okay.  Now, it's my understanding that

14  your attorney has contacted my office and has advised that he

15  cannot be here today but that he can be here the rest of the

16  week.  So I am going to set certain hearings that we have --

17  that we'll have for you --

18             DEFENDANT HERNANDEZ:  Okay.

19             THE COURT:  -- for tomorrow, but I just needed to be

20  sure to confirm with you on the record that you did not need

21  the Court to appoint an attorney for you.  Is that right?

22             DEFENDANT HERNANDEZ:  Yes.

23             THE COURT:  Okay.  Now, because you are here on a

24  criminal complaint instead of an indictment, you have the right

25  to what we call a preliminary or a probable cause hearing.

1  That's a hearing where the Government will have to show that

2  there's probable cause to believe that you've committed the

3  crime that's charged against you in the indictment.  Now,

4  because your attorney could not be here today, I'm going to go

5  ahead and set this matter for a preliminary hearing for

6  tomorrow.  Do you understand your right to a preliminary

7  hearing?

8           DEFENDANT HERNANDEZ:  Yes.

9           THE COURT:  And Mr. Kull, what is the Government's

10  position on the issue of detention?

11           MR. KULL:  We're moving to detain, Your Honor.

12           THE COURT:  All right.  Ah.  The Government has filed

13  a motion to detain you.  They are asking that you be kept in

14  custody pending any further proceedings in this case.  So you

15  also have the right to a detention hearing for the Court to

16  hear evidence to decide if conditions can be set for your

17  release or whether you should have to stay in jail pending

18  those proceedings.  I'm going to set that for tomorrow at 2:00

19  o'clock.

20      Mr. Kull, I see that you've asked for three days'

21  continuance.  Can the Government be ready tomorrow?

22           MR. KULL:  I'm not sure, Judge.  I'll do our best.  We

23  had executed a lot of search warrants on several houses, and we

24  still need to go through all that evidence, and there's a lot

25  of things that I'm still not clear of because I haven't seen

1   all the results from the search warrants yet.  I can -- I'll do

2   my best to be ready tomorrow.

3           THE COURT:  Tomorrow's Wednesday.  Thursday's not

4   good.  Well, let's see if we can be ready for tomorrow, and if

5   not then I'll entertain a new motion for continuance.  Or if

6   you visit with Mr. Hernandez's attorney and the parties agree

7   to move it to Friday, then we'll do that.

8           MR. KULL:  Just for the record, I've spoken with Mr.

9   Weatherspoon on the phone, and he was available anytime this

10  week.  I'll call and confirm if Friday would be okay, and I'll

11  let the Court if he says -- agrees with that.

12          THE COURT:  All right.  All right.  If you would

13  please let us know.

14          MR. KULL:  Yes, ma'am.

15          THE COURT:  All right.  Mr. Hernandez, I'm going to

16  set you for hearings tomorrow.  There's a possibility they

17  might get continued until Friday.  What's important for you to

18  know is that you're going to have to stay in custody at least

19  until we can have those hearings.

20          DEFENDANT HERNANDEZ:  Okay.

21          THE COURT:  Okay?  Do you have any questions about

22  what we've covered here so far?

23          DEFENDANT HERNANDEZ:  No.

24          THE COURT:  All right.  Anything else from the

25  Government, Mr. Kull?

1              MR. KULL:  No, Your Honor.

2              THE COURT:  All right.  Then you may have a seat and

3    I'll see you back either tomorrow or Friday.

4         All right.  Mr. Gamez?  Mr. Gamez, do you understand the

5    constitutional rights that I explained at the beginning of the

6    hearing?

7              DEFENDANT GAMEZ:  Yes, ma'am.

8              THE COURT:  Have you gotten a copy of the criminal

9    complaint?

10             DEFENDANT GAMEZ:  Yes, ma'am.

11             THE COURT:  Have you had a chance to read it?

12             DEFENDANT GAMEZ:  Yes, ma'am.

13             THE COURT:  Do you understand what you're being

14   accused of here?

15             DEFENDANT GAMEZ:  Yes, ma'am.

16             THE COURT:  Have you hired your own lawyer to

17   represent you?

18             DEFENDANT GAMEZ:  No.  No, ma'am.

19             THE COURT:  And can you afford to hire an attorney?

20             DEFENDANT GAMEZ:  No, ma'am.

21             THE COURT:  Do you want the Court to appoint one for

22   you?

23             DEFENDANT GAMEZ:  Yes, ma'am.

24             THE COURT:  I have here a signed financial affidavit

25   that I'm holding up.  Can you see the signature here at the

 1  bottom of this document?

 2          DEFENDANT GAMEZ:  Yes.

 3          THE COURT:  Is this your signature?

 4          DEFENDANT GAMEZ:  Yes.

 5          THE COURT:  Did you personally fill out the affidavit?

 6          DEFENDANT GAMEZ:  Yes.

 7          THE COURT:  And do you understand that you answered

 8  these questions and signed the affidavit under oath?

 9          DEFENDANT GAMEZ:  Yes.

10          THE COURT:  Do you understand that that means if you

11  answered any questions falsely that you could later be

12  prosecuted for perjury or making a false statement?

13          DEFENDANT GAMEZ:  Yes.

14          THE COURT:  Based on my review of your affidavit, I do

15  find that you qualify for the appointment of counsel, and I'm

16  appointing Mr. Tomko to represent you.  You've had a chance to

17  meet Mr. Tomko, --

18          DEFENDANT GAMEZ:  Yes.

19          THE COURT:  -- who's here today; is that right?

20          DEFENDANT GAMEZ:  Yes.

21          THE COURT:  Any questions about the appointment of

22  counsel?

23          DEFENDANT GAMEZ:  No.

24          THE COURT:  All right.  Because you're here on a

25  criminal complaint instead of an indictment, you have the right

1  to what we call a preliminary or probable cause hearing.

2  That's a hearing where the Government will have to show that

3  there's probable cause to believe that you committed the crime

4  that's alleged in the complaint.  They have to show that

5  there's enough proof of these charges in order to hold you at

6  this stage of the proceedings.

7      The Government has moved to detain you pending any further

8  proceedings.  They're asking that you be kept in jail until any

9  further proceedings.  So you also have the right to a detention

10  hearing for the Court to hear evidence to decide if you can be

11  released on a bond or whether you should have to stay in jail.

12      Do you understand your rights to these hearings?

13          DEFENDANT GAMEZ:  Yes.

14          THE COURT:  All right.  I have here a signed waiver of

15  detention hearing and a waiver of preliminary hearing.  I'm

16  holding each waiver up.  Can you see the waivers?

17          DEFENDANT GAMEZ:  Yes.

18          THE COURT:  Can you see the signature at the bottom of

19  each waiver?

20          DEFENDANT GAMEZ:  Yes.

21          THE COURT:  Is that your signature?

22          DEFENDANT GAMEZ:  Yes.

23          THE COURT:  Did you read each waiver before you signed

24  it?

25          DEFENDANT GAMEZ:  Yes.

 1          THE COURT:  Did you discuss each waiver with Mr.

 2   Tomko?

 3          DEFENDANT GAMEZ:  No.

 4          THE COURT:  You did not?

 5          DEFENDANT GAMEZ:  Oh, yes.  Oh, that was -- yes.

 6          MR. TOMKO:  Yeah, he discussed the waiver.

 7          THE COURT:  Okay.  All right.  Do you understand that

 8   by giving up your rights to these hearings I have to

 9   automatically find probable cause in this case and to order

10   that you stay in jail until any further proceedings?

11          DEFENDANT GAMEZ:  Yes.

12          THE COURT:  Do you still wish to give up your rights

13   to these hearings?

14          DEFENDANT GAMEZ:  Yes.

15          THE COURT:  Then I find that the waivers have been

16   given knowingly and voluntarily.  The Court finds probable

17   cause in the case, and orders that the Defendant be detained

18   pending any further proceedings.

19       Mr. Gamez, do you have any questions about anything that

20   we've covered here today?

21          DEFENDANT GAMEZ:  No.

22          THE COURT:  All right.  Mr. Tomko, anything else the

23   Court should address?

24          MR. TOMKO:  Nothing, Your Honor.

25          THE COURT:  Mr. Kull?

1          MR. KULL:  No, Your Honor.  Thank you.

2          THE COURT:  Good luck to you, Mr. Gamez.  You may have

3  a seat.  Counsel are excused if they have no further matters

4  before the Court.

5      United States versus Miguel Quintero, also in 3:12-MJ-491-

6  BH.  Mr. Quintero, do you understand the constitutional rights

7  that I explained at the beginning of this hearing?

8          DEFENDANT QUINTERO:  Yes, ma'am.

9          THE COURT:  All right.  Did you get a copy of the

10  criminal complaint against you?

11          DEFENDANT QUINTERO:  Yes, ma'am.

12          THE COURT:  Have you had a chance to read it?

13          DEFENDANT QUINTERO:  Yes, ma'am.

14          THE COURT:  Do you understand what the Government is

15  accusing you of?

16          DEFENDANT QUINTERO:  Yes, ma'am.

17          THE COURT:  Have you hired your own lawyer to

18  represent you in this matter?

19          DEFENDANT QUINTERO:  No, ma'am.

20          THE COURT:  Can you afford to hire an attorney?

21          DEFENDANT QUINTERO:  No, ma'am.

22          THE COURT:  Do you want the Court to appoint one for

23  you?

24          DEFENDANT QUINTERO:  Yes, ma'am.

25          THE COURT:  I have here a signed financial affidavit

1   that I'm holding up.  Can you see the signature from where

2   you're standing?

3          DEFENDANT QUINTERO:  Yes, ma'am.

4          THE COURT:  Is that your signature?

5          DEFENDANT QUINTERO:  Yes, ma'am.

6          THE COURT:  Did you personally fill out this

7   affidavit?

8          DEFENDANT QUINTERO:  I just signed it.  I don't think

9   I filled it out.

10          THE COURT:  Okay.  Do you understand that you answered

11   the questions and signed the affidavit under oath?

12          DEFENDANT QUINTERO:  Yes.

13          THE COURT:  Do you understand that that means if you

14   answered any questions falsely that you could later be

15   prosecuted for perjury or making a false statement?

16          DEFENDANT QUINTERO:  Yes, ma'am.

17          THE COURT:  Based on my review of the affidavit, I do

18   find that you qualify for the appointment of counsel and I'm

19   appointing Ms. Sharita Blacknall to represent you.  Have you

20   had a chance to meet her and to visit with her a little bit

21   about your case?

22          DEFENDANT QUINTERO:  Yes, ma'am.

23          THE COURT:  Do you have any questions about the

24   appointment of counsel?

25          DEFENDANT QUINTERO:  No, ma'am.

1    THE COURT:  Because you're here on a criminal

2  complaint instead of an indictment, you have the right to a

3  preliminary or probable cause hearing.  That's a hearing where

4  the Government will have to show that there's probable cause to

5  believe that you've committed the offense charged in the

6  complaint.  The Government has to show that there's enough

7  proof of the charges to hold you at this stage of the

8  proceedings.

9    The Government has also filed a motion to detain you.

10  They're asking that you be kept in jail pending any further

11  matters in your case.  So you have the right to a detention

12  hearing for the Court to decide if a bond can be set or whether

13  you should have to stay in jail.

14    Have you had a chance to visit with Ms. Blacknall about

15  these hearings?

16    DEFENDANT QUINTERO:  Yes, ma'am.

17    THE COURT:  And do you understand your rights to these

18  hearings?

19    DEFENDANT QUINTERO:  Yes, ma'am.

20    THE COURT:  I have here signed waivers of both

21  hearings that I'm holding up.  Can you see the signature on

22  each waiver?

23    DEFENDANT QUINTERO:  Yes, ma'am.

24    THE COURT:  Is that your signature?

25    DEFENDANT QUINTERO:  Yes, ma'am.

1          THE COURT:  And did you read each waiver before you

2   signed it?

3          DEFENDANT QUINTERO:  Yes, ma'am.

4          THE COURT:  And have you discussed both of these

5   waivers with Ms. Blacknall?

6          DEFENDANT QUINTERO:  Yes, ma'am.

7          THE COURT:  Do you understand that by giving up your

8   rights to these hearings, I have to automatically find probable

9   cause in your case and to order that you stay in jail pending

10  any further proceedings?

11         DEFENDANT QUINTERO:  Yes, ma'am.

12         THE COURT:  Is that what you would like to do?

13         DEFENDANT QUINTERO:  Yes, ma'am.

14         THE COURT:  Then I find that the waivers have been

15  given knowingly and voluntarily.  The Court finds probable

16  cause and orders Mr. Quintero detained pending any further

17  proceedings.

18      Do you have any questions about what we've covered here

19  today?

20         DEFENDANT QUINTERO:  No, ma'am.

21         THE COURT:  Ms. Blacknall, anything else?

22         MS. BLACKNALL:  No, Your Honor.

23         THE COURT:  Mr. Kull?

24         MR. KULL:  No, Your Honor.

25         THE COURT:  Good luck to you, sir.  You may have a

1   seat.

2       Mr. Agne Vasquez.

3       While he's approaching the podium, Mr. Kull, is the

4   Government contending that any of the seven defendants are not

5   citizens of the United States other than Ms. Vasquez and Mr.

6   Picasso-Nieto?

7           MR. KULL:  Judge, I can't say that for sure.  We tried

8   to reach out to ICE last night and weren't able to get a

9   response.  I've tasked Task Force Office Boston with that duty

10  to let me know.

11          THE COURT:  All right.

12          MR. KULL:  Hopefully by tomorrow.

13          THE COURT:  Because I've not advised anyone of their

14  rights to consular notification to the extent that they're not

15  citizens, because of not having any information for a couple of

16  the individuals.

17          MR.  KULL:  Yes, Your Honor.  I think it would be safe

18  to, Mr. Picasso and Maria, to advise them.  I think those are

19  the only two that I know of for sure.  There's some conflicting

20  information about individuals, a couple of the Vasquezes being

21  born in Mexico.

22          THE COURT:  All right.

23          MR. KULL:  But the ones you've done so far I believe

24  are United States citizens, Your Honor.

25          THE COURT:  All right.  Mr. Hernandez, Mr. Gamez and

1   Mr. --

2            MR. KULL:  Quintero.

3            THE COURT:  -- Quintero?

4            MR. KULL:  Yes, Your Honor.

5            THE COURT:  All right.

6            MR. KULL:  I believe those to be United States

7   citizens.

8            THE COURT:  All right.  Mr. Vasquez?

9            DEFENDANT A. VASQUEZ:  Yes.

10           THE COURT:  Do you understand the constitutional

11  rights that I explained at the beginning of the hearing?

12           DEFENDANT A. VASQUEZ:  Yes.

13           THE COURT:  All right.  Now, the Government is --

14  well, according to the Pretrial Services report, you might not

15  be a citizen of the United States.

16           DEFENDANT A. VASQUEZ:  Yes.

17           THE COURT:  If you are not a citizen of the United

18  States, then you have the right to have your country's consular

19  officers be notified that you've been arrested in the United

20  States.  You have the right to communicate with those officers,

21  and they might be able to help you obtain legal representation

22  and to contact your family, among other things.  If this right

23  applies to you, you may exercise it at any time.  Do you

24  understand this right?

25           DEFENDANT A. VASQUEZ:  Yes.

1          THE COURT:  And do you understand that the only thing

2    that you have to do to exercise the right, if it applies to

3    you, is to let your attorney know or let the Government's

4    attorney know so that they can advise the Court?

5          DEFENDANT A. VASQUEZ:  Yes.

6          THE COURT:  All right.  Do you wish to consult with an

7    attorney before deciding whether to exercise the right, if it

8    does in fact apply to you?

9          DEFENDANT A. VASQUEZ:  Yes.

10          THE COURT:  Have you gotten a copy of the indictment

11   -- of the criminal complaint?

12          DEFENDANT A. VASQUEZ:  Yes.

13          THE COURT:  Have you had a chance to read it?

14          DEFENDANT A. VASQUEZ:  I'm almost done with it.

15          THE COURT:  Do you understand that you're being

16   charged with a drug conspiracy?

17          DEFENDANT A. VASQUEZ:  Yes.

18          THE COURT:  Have you hired your own lawyer to

19   represent you?

20          DEFENDANT A. VASQUEZ:  No.

21          THE COURT:  Can you afford to hire an attorney?

22          DEFENDANT A. VASQUEZ:  No.

23          THE COURT:  Do you want the Court to appoint one for

24   you?

25          DEFENDANT A. VASQUEZ:  Yes.

1            THE COURT:  I have here a signed financial affidavit

2   that I'm holding up.  Can you see the signature on the second

3   page?

4            DEFENDANT A. VASQUEZ:  Yes.

5            THE COURT:  Is this your signature?

6            DEFENDANT A. VASQUEZ:  Yes.

7            THE COURT:  Did you personally fill out the affidavit?

8            DEFENDANT A. VASQUEZ:  Yes.

9            THE COURT:  Do you understand that you answered the

10   questions and signed the affidavit under oath?

11            DEFENDANT A. VASQUEZ:  Yes.

12            THE COURT:  And do you understand that that means, if

13   you answered any questions falsely, that you could later be

14   prosecuted for perjury or making a false statement?

15            DEFENDANT A. VASQUEZ:  Yes.

16            THE COURT:  Based on my review of your affidavit, I do

17   find that you qualify for the appointment of counsel and am

18   appointing Mr. James Jamison to represent you.  Have you had a

19   chance to talk to him about your case?

20            DEFENDANT A. VASQUEZ:  Yes.

21            THE COURT:  Any questions about the appointment of

22   counsel?

23            DEFENDANT A. VASQUEZ:  No, ma'am.

24            THE COURT:  The Government has filed a motion to

25   detain you.  They're asking that you be kept in jail pending

 1   any further proceedings.  So you have the right to a detention

 2   hearing for the Court to hear evidence to decide whether

 3   conditions can be set for your release or whether you should

 4   have to stay in jail.  Because you've been charged in a

 5   criminal complaint instead of an indictment, you also have the

 6   right to what we call a preliminary or probable cause hearing.

 7   That's a hearing where the Government will have to show that

 8   there's probable cause to believe that you've committed the

 9   crime with which you're being charged.  They have to show that

10   there's enough proof of the charges to hold you at this stage

11   of the proceedings.

12       Do you understand your rights to these hearings?

13               DEFENDANT A. VASQUEZ:  Yes.

14               THE COURT:  And Mr. Jamison, how would Mr. Vasquez

15   like to proceed?

16               MR. JAMISON:  Judge, in terms of judicial economy, we

17   can be available tomorrow, Wednesday, at 2:00 p.m.  I do need

18   to consult more with my client and also with family members.

19   And I understand that there may be some repercussions should my

20   client exercise that right in terms of a guilty plea.  So, we

21   would just respectfully request one day also.

22               THE COURT:  Okay.  What do you mean by some

23   repercussions if he exercises his rights to these hearings?

24               MR. JAMISON:  Well, it's my understanding the

25   Government may not offer a 5K1 if a person goes through the

1   preliminary hearing, probable cause hearing.

2            THE COURT:  I recall you raising that issue in

3   connection with a defendant from the Lubbock Division.

4            MR. JAMISON:  From Lubbock District.

5            THE COURT:  It's never been my understanding that that

6   is a practice here in this division.

7            MR. JAMISON:  And I've never known it to be a practice

8   in this division either, Your Honor.

9            THE COURT:  Okay.

10           MR. JAMISON:  But it may or may not, you know, apply

11  here.  So, --

12           THE COURT:  Okay.  So, do you want until tomorrow?

13           MR. JAMISON:  Yes, Judge, until tomorrow.

14           THE COURT:  Okay.  And because it would be better to

15  have all of these hearings together, Mr. Kull, it's looking

16  more and more like tomorrow -- do you want me to set this for

17  Wednesday?  For Friday?

18           MR. KULL:  Yes, please, Your Honor.

19           THE COURT:  Okay.  And Mr. Jamison, is Friday going to

20  work?

21           MR. JAMISON:  Well, it would work, Your Honor.

22  Wednesday would be just as well.  Because even if my client

23  should choose to waive his hearing, I would at least, you know,

24  be present because I would want to hear, you know, any

25  information that's brought forth in any other related hearings.

1          THE COURT:  Okay.

2          MR. JAMISON:  So I really can't tell you what my

3   client, you know, --

4          THE COURT:  Right.

5          MR. JAMISON:  -- may or may not want to do.

6          THE COURT:  But what day works better, whether or not

7   he goes forward:  Wednesday or Friday?

8          MR. JAMISON:  Wednesday, tomorrow, would be much

9   better, Your Honor.

10         THE COURT:  Okay.  Mr. Kull, I hate to put you on the

11  spot.  I know you've got a lot of evidence to go through.  But

12  we've already got five hearings set for Thursday, so it's

13  either Wednesday or Friday.

14         MR. KULL:  Yeah, I'd prefer Friday, Your Honor.  It

15  just gives me that time to go through the evidence.  I don't

16  want to rush through and miss something.  So, I mean, I'm

17  exercising my right to the three days that I'm entitled to and

18  I'd request the Court just give me those three -- I will work

19  with the Court on scheduling, but I'm --

20         THE COURT:  And I understand your right to ask for

21  three days.  I just hate to push these off further than they

22  really need to be pushed off.  And I understand that you do

23  have a lot to go through.

24      Mr. Jamison, can you be here on Friday --

25         MR. JAMISON:  Judge, if --

1          THE COURT:  -- just to save the Marshals bringing

2    people tomorrow --

3          MR. JAMISON:  Yes.

4          THE COURT:  -- and then another motion for

5    continuance?

6          MR. JAMISON:  If you want me here on Friday, I'll be

7    here on Friday, Your Honor.

8          THE COURT:  Okay.  All right.  Now, Mr. Vasquez, do

9    you understand that you're going to have to stay in jail at

10   least until we can have these hearings?

11         DEFENDANT A. VASQUEZ:  Yes.

12         THE COURT:  All right.  Then I'm going to set this for

13   preliminary and probable cause hearings Friday at 2:00 o'clock.

14   And I'll set Mr. Hernandez's at that time, too.  Mr. Hernandez,

15   your hearing is going to be Friday at 2:00 o'clock.

16      Do you have any questions about what we've covered here so

17   far, Mr. Vasquez?

18         DEFENDANT A. VASQUEZ:  No, ma'am.

19         THE COURT:  All right.  Mr. Jamison, anything else?

20         MR. JAMISON:  No, Your Honor.

21         THE COURT:  And Mr. Kull?

22         MR. KULL:  No, Your Honor.

23         THE COURT:  All right.  Mr. Vasquez, you may have a

24   seat.  I'll see you back Friday at 2:00 o'clock.

25      All right.  Mr. Roberto Vasquez, also in 3:12-MJ-491.

1          MR. HART:  I'm sorry, Your Honor.  Who'd you call?

2   I'm sorry.

3          THE COURT:  Roberto Vasquez.  Mr. Vasquez, do you

4   understand the constitutional rights that I explained at the

5   beginning of the hearing?

6          DEFENDANT R. VASQUEZ:  Yes, ma'am.

7          THE COURT:  All right.  I believe there is some

8   question as to whether or not you are a citizen of the United

9   States, so I'm going to give you this notice of your rights to

10  the extent that you're not.  You don't have to tell me today

11  whether you are or you're not.  I'm just going to be safe and

12  tell you about your rights just in case you're not.  Okay?

13      If you're not a citizen of the United States, then you have

14  the right to have your country's consular officers be notified

15  that you've been arrested.  You're entitled to communicate with

16  those officers, and they might be able to help you obtain legal

17  representation and to contact your family, among other things.

18  If this right applies to you, you may exercise it at any time

19  simply by letting the Court know through your attorney or

20  through the Government's attorney.  Do you understand your

21  right to consular notification if you are not a citizen of the

22  United States?

23         DEFENDANT R. VASQUEZ:  Yes, ma'am.

24         THE COURT:  All right.  And would you like to talk to

25  an attorney before deciding whether to exercise this right, if

1   it does in fact apply to you?

2           DEFENDANT R. VASQUEZ:  Yes, ma'am.

3           THE COURT:  All right.  Did you get a copy of the

4   criminal complaint against you?

5           DEFENDANT R. VASQUEZ:  Yes, ma'am.

6           THE COURT:  Did you get a chance to read it?

7           DEFENDANT R. VASQUEZ:  Yes, ma'am.

8           THE COURT:  And do you understand that you're being

9   charged with a drug conspiracy?

10          DEFENDANT R. VASQUEZ:  Yes, ma'am.

11          THE COURT:  Have you hired your own lawyer to

12  represent you?

13          DEFENDANT R. VASQUEZ:  No, ma'am.

14          THE COURT:  Can you afford to hire an attorney?

15          DEFENDANT R. VASQUEZ:  No.

16          THE COURT:  I need you to answer out loud.  I'm sorry.

17          DEFENDANT R. VASQUEZ:  No, ma'am.

18          THE COURT:  Okay.  If you move a little closer to the

19  microphone, it'll make it a little easier for me to hear you.

20  We're on the record, so it's important that your answers be

21  recorded.

22          DEFENDANT R. VASQUEZ:  All right.

23          THE COURT:  All right.  Would you like for the Court

24  to appoint an attorney for you?

25          DEFENDANT R. VASQUEZ:  No, ma'am.  Yes, ma'am.

1          THE COURT:  I have here a signed financial affidavit

2     that I'm holding up.  Can you see the signature here at the

3     bottom from where you're standing?

4          DEFENDANT R. VASQUEZ:  Yes, ma'am.

5          THE COURT:  Is this your signature?

6          DEFENDANT R. VASQUEZ:  Uh, yes, ma'am.

7          THE COURT:  Let me hand it down.  I'd like for you to

8     look at it and tell me if you signed this paper.

9       (Pause.)

10         DEFENDANT R. VASQUEZ:  Yes, ma'am.

11         THE COURT:  Did you personally fill out that

12    affidavit?

13         DEFENDANT R. VASQUEZ:  Yes, ma'am.

14         THE COURT:  Do you understand that you answered the

15    questions and signed the affidavit under oath?

16         DEFENDANT R. VASQUEZ:  Yes.

17         THE COURT:  And do you understand that that means, if

18    you answered any questions falsely, that you could later be

19    prosecuted for perjury or making a false statement?

20         DEFENDANT R. VASQUEZ:  Yes, ma'am.

21         THE COURT:  Based on my review of your affidavit, I do

22    find that you qualify for the appointment of counsel and am

23    appointing Mr. Terry Hart to represent you.  Did you get a

24    chance to meet Mr. Hart?

25         DEFENDANT R. VASQUEZ:  Yes, ma'am.

1              THE COURT:  All right.  Because you're here on a

2    criminal complaint, you have the right to what we call a

3    probable cause or a preliminary hearing.  That's a hearing

4    where the Government will have to show that there's probable

5    cause to believe that you've committed the crime that's alleged

6    in the complaint.  They have to show that there's enough proof

7    of the charges to hold you at this stage of the proceedings.

8         The Government has also moved to detain you.  They're

9    asking that you be kept in jail pending any further

10   proceedings, so you have the right to a hearing for the Court

11   to decide if a bond can be set for you or whether you should

12   have to stay in jail.

13        Have you had a chance to visit with Mr. Hart about your

14   rights to these hearings?

15             DEFENDANT R. VASQUEZ:  Yes, ma'am.

16             THE COURT:  And do you understand your rights to these

17   hearings?

18             DEFENDANT R. VASQUEZ:  Yes, ma'am.

19             THE COURT:  Mr. Hart, how would Mr. Vasquez like to

20   proceed?

21             MR. HART:  Your Honor, I think we're just going to

22   have to ask for an extra few days.  I discussed the preliminary

23   hearing and the detention hearing with him, but, as Mr.

24   Jamison, I have a concern -- I did not learn until I came to

25   the hearing that we may be waiving our 5K1.1 right if we

1  exercise our rights to those hearings, and I have not had a

2  chance to discuss that with him.

3         THE COURT:  Okay.  And I don't know that that's the

4  case.  That issue came up in connection with a defendant

5  brought in from another division.

6         MR. KULL:  Judge?

7         THE COURT:  Let's have Mr. Kull address that.

8         MR. KULL:  That is -- that's what I've told the

9  defense attorneys in this case, that cooperation starts today,

10  and if they -- they're free -- more than happy to exercise

11  their rights to those hearings, but in the event they do so the

12  Government will consider that not to be cooperating and we will

13  not talk to them further about cooperation against other

14  defendants or other cases that are pending with other

15  individuals.

16         THE COURT:  Is this a policy just for this case or is

17  this a new policy of the U.S. Attorney's Office for the Dallas

18  Division?

19         MR. KULL:  This is the policy I've had with my cases

20  for probably the last year and a half, two years, --

21         THE COURT:  Okay.

22         MR. KULL:  -- on drug cases.  Particularly the ones

23  that are involved with this, with the wires and all the

24  information I have against these defendants.

25         THE COURT:  All right.  Well, I guess, Mr. Hart, then

1   you'll have to discuss that with your client.  I was not aware

2   that this is a policy that is being utilized in this division.

3           MR. HART:  And I was not, either, Your Honor, until I

4   came to the hearing.  And so, yes, I need some time to discuss

5   that with my client.

6           THE COURT:  All right.  So, should I set this for

7   hearing on Friday and you can tell me then whether or not your

8   client is going to waive?

9           MR. HART:  That would be fine, Your Honor.

10          THE COURT:  All right.  Then, Mr. Vasquez, I'm going

11  to set your hearings for Friday at 2:00 o'clock, and you'll

12  have to stay in custody at least until those hearings.

13          DEFENDANT R. VASQUEZ:  Yes, ma'am.

14          THE COURT:  Do you understand?

15          DEFENDANT R. VASQUEZ:  Yes, ma'am.

16          THE COURT:  Any questions?

17          DEFENDANT R. VASQUEZ:  No, ma'am.

18          THE COURT:  All right.  Mr. Hart, anything else the

19  Court should address?

20          MR. HART:  No, Your Honor.  May I be excused?

21          THE COURT:  Mr. Kull, anything from the Government?

22          MR. KULL:  No, Your Honor.

23          THE COURT:  All right.  You may have a seat, sir, and

24  counsel are excused if they have no further matters before the

25  Court.

1          MR. HART:  Thank you, Your Honor.

2          THE COURT:  Ms. Adriano, where are we?

3          THE INTERPRETER:  I'm on Page 15.

4          THE COURT:  Okay.  I'm going to take a short recess to

5   allow you to complete your translation, and then we'll go back

6   on the record.  We'll be in recess.

7          THE CLERK:  All rise.

8       (A recess ensued from 2:49 p.m. until 3:11 p.m.)

9          THE COURT:  Please be seated.  All right.  United

10  States versus Sergio Picasso-Nieto.  Mr. Nieto, if you will

11  please approach the podium.  And Ms. Maria Reyna Vasquez, if

12  you would please stand.  I'm going to advise you of your

13  constitutional rights.  You have the right to remain silent.

14  You're not required to make any statement about any charges

15  against you.  If you have made a statement, you're not required

16  to say any more.  If you start to make a statement, you may

17  stop at any time.  Any statement made by you can later be used

18  against you.

19      You have the right to the assistance of an attorney at all

20  stages of these proceedings.  If you cannot afford an attorney,

21  one will be appointed for you.

22      If you are not a citizen of the United States, then you

23  have the right to have your country's consular officers here in

24  the United States be notified of your arrest.  You're entitled

25  to communicate with your consular officers, and they might be

 1  able to help you obtain legal representation and to contact

 2  your family, among other things.  If this right applies to you,

 3  you may exercise it at any time simply by letting the Court

 4  know through your attorney or through the Government's

 5  attorney.

 6      Ms. Vasquez, you may have a seat.  I'll come back to your

 7  case.

 8      Sir, do you understand the constitutional rights that I

 9  have just explained?

10          DEFENDANT PICASSO:  (through interpreter)  Yeah.

11          THE COURT:  Is that a yes?

12          DEFENDANT PICASSO:  Yes.

13          THE COURT:  And do you understand the right to

14  consular notification?

15          DEFENDANT PICASSO:  Yes, I understand it.

16          THE COURT:  Would you like to talk to an attorney

17  before deciding whether to invoke this right, if it does in

18  fact apply to you?

19          DEFENDANT PICASSO:  Yes.

20          THE COURT:  And Ms. Adriano, I didn't realize that I

21  had not sworn you in.  Let's do that at this time.

22      (The interpreter is sworn.)

23          THE COURT:  And for the record, you've interpreted the

24  criminal complaint for both Mr. Picasso-Nieto and Ms. Maria

25  Reyna Vasquez?

1          THE INTERPRETER:  Yes, Your Honor.

2          THE COURT:  And is that correct, Mr. Picasso?

3          DEFENDANT PICASSO:  (through interpreter)  What

4    complaint?

5          THE COURT:  Okay.  Did Ms. Adriano interpret the

6    charges against you for you?

7          DEFENDANT PICASSO:  Oh, yes.

8          THE COURT:  And for the record, you do need the

9    services of an Spanish interpreter; is that right?

10         DEFENDANT PICASSO:  Uh-huh.  Yeah.

11         THE COURT:  Okay.  Is that a yes?

12         DEFENDANT PICASSO:  Yes.

13         THE COURT:  Thank you.  All right.  Do you have any

14   questions about the constitutional rights that I have explained

15   or the right to consular notifications?

16         DEFENDANT PICASSO:  No.

17         THE COURT:  And let's get it clear on the record.  Do

18   you wish to talk to an attorney before deciding whether to

19   invoke the right to consular notification if it does in fact

20   apply to you?

21         DEFENDANT PICASSO:  Yes.

22         THE COURT:  Now, you've told me that Ms. Adriano has

23   translated the criminal complaint for you.  Do you understand

24   what the Government is accusing you of in this document?

25         DEFENDANT PICASSO:  (in English)  Yes.  Okay.

1           THE COURT:  Have you hired an attorney to represent

2    you in this case?

3           DEFENDANT PICASSO:  (through interpreter)  No.

4           THE COURT:  Can you afford to hire an attorney?

5           DEFENDANT PICASSO:  No.

6           THE COURT:  Do you want the Court to appoint one for

7    you?

8           DEFENDANT PICASSO:  Yes.

9           THE COURT:  All right.  Now, I have here a financial

10   affidavit that I'm holding up.  Can you see this document?

11          DEFENDANT PICASSO:  Yes, but I don't know how to read.

12          THE COURT:  Okay.  And I just wanted to ask if you

13   could see the document.

14          DEFENDANT PICASSO:  Yes.

15          THE COURT:  Somebody filled out this document for you.

16   Who filled it out?

17          DEFENDANT PICASSO:  I don't know who it was that

18   filled it out.

19          THE COURT:  Okay.  And it's my understanding that you

20   do not read English; is that correct?

21          DEFENDANT PICASSO:  Yes.

22          THE COURT:  And do you read in Spanish?

23          DEFENDANT PICASSO:  I don't read Spanish, either.

24          THE COURT:  Okay.  There is an X on the bottom of this

25   paper where there's a line.  I'm going to hand down this paper

 1  and ask if you made that X on that paper.

 2          DEFENDANT PICASSO:  Yes.

 3          THE COURT:  Was that X intended to be your signature

 4  on this paper?

 5          DEFENDANT PICASSO:  Uh-huh.

 6          THE COURT:  Is that a yes?

 7          DEFENDANT PICASSO:  Yes.

 8          THE COURT:  All right.  Did someone ask you questions

 9  about whether you were employed in order to fill out this

10  paper?

11          DEFENDANT PICASSO:  Yes.

12          THE COURT:  And did they ask you questions about

13  whether you had any assets or property?

14          DEFENDANT PICASSO:  Yes.

15          THE COURT:  Do you understand that by placing your

16  signature on this paper you are essentially saying that these

17  answers are true and correct under oath, and that that means if

18  you answered any questions falsely that you could later be

19  prosecuted for perjury or making a false statement?

20          DEFENDANT PICASSO:  Yes.

21          THE COURT:  All right.  Do you want to go over any of

22  these questions with Mr. Herrington?

23          DEFENDANT PICASSO:  Yes.  Yes.

24          THE COURT:  I'm going to hand this down for Mr.

25  Harrington to go over with Mr. Picasso, just to be sure that

1   the answers are correct.

2            MR. HERRINGTON:  Excuse me.

3        (Counsel confers with Defendant.)

4            MR. HERRINGTON:  Your Honor, he has no questions

5   regarding this document.  He misunderstood the question.

6            THE COURT:  All right.  Based on my review of the

7   affidavit, I do find that Mr. Picasso qualifies for the

8   appointment of counsel, and I'm appointing Mr. Rob Herrington

9   to represent him.  Sir, have you had a chance to meet Mr.

10  Herrington, who's here today?

11           DEFENDANT PICASSO:  Yes.

12           THE COURT:  Do you have any questions about the

13  appointment of counsel?

14           DEFENDANT PICASSO:  No.

15           THE COURT:  Because you're here today on a criminal

16  complaint instead of an indictment, you have the right to what

17  we call a probable cause hearing.  That's a hearing where the

18  Government will have to show that there's probable cause to

19  believe that you've committed the crime that's charged in the

20  complaint.  The Government has to show the Court that it has

21  enough proof of these charges to hold you at this stage of the

22  proceedings.

23      The Government has also filed a motion to detain you.

24  They're asking that you be kept in jail pending any further

25  proceedings in this case.  So you have the right to a detention

1   hearing for the Court to hear evidence to decide if a bond can

2   be set or whether you should have to stay in jail.

3      Do you understand your rights to these hearings?

4         DEFENDANT PICASSO:  Yes.

5         THE COURT:  All right.  And have you had a chance to

6   discuss your right to these hearings with Mr. Herrington?

7         DEFENDANT PICASSO:  Yes.

8         THE COURT:  All right.  Mr. Herrington, how would Mr.

9   Picasso-Nieto like to proceed?

10         MR. HERRINGTON:  Your Honor, there's a possibility

11   that we're going to waive both hearings, but we haven't been

12   able to discuss it sufficiently to make a determination.  So

13   I'm requesting that the Court -- and I understand that the

14   Court wants to move these cases along as expeditiously as

15   possible -- but we would actually request next Tuesday.  If you

16   absolutely cannot give us a hearing next Tuesday, by which time

17   I may have gotten waivers in place, then we'd request Friday.

18   But my personal preference is that we have a postponement until

19   Tuesday, Monday being a holiday.

20         THE COURT:  All right.  So that's actually four days,

21   a four-day continuance?  All right.

22         MR. HERRINGTON:  I think so, yes.

23         THE COURT:  Sir, do you understand that you're going

24   to have to stay in jail until we can have these hearings?

25         DEFENDANT PICASSO:  Yes.

1          THE COURT:  All right.  And you understand that your

2   attorney has asked to postpone it until Tuesday?

3          DEFENDANT PICASSO:  Yes.

4          THE COURT:  All right.  Is that what you would like to

5   do?

6          DEFENDANT PICASSO:  Yes.

7          THE COURT:  All right.

8          MR. JAMISON:  And Your Honor, if the Court is of the

9   inclination to postpone this to Tuesday, I could have mine set

10  at that same time, too.  But I'll be here whenever the Court

11  wants me to be here.

12         THE COURT:  All right.  So you'd like to have yours on

13  Tuesday --

14         MR. JAMISON:  Yeah.

15         THE COURT:  -- as well?

16         MR. JAMISON:  Yeah, that would be preferable to me.

17  But if you want us here on Friday, I will be here on Friday,

18  and I understand Mr. Herrington will also adjust his schedule

19  and be here on Friday if necessary.

20         THE COURT:  Okay.  All right.  Well, your motions for

21  continuance are granted.  I'll set you for Tuesday.  And I'm

22  sorry, Mr. Jamison.  You represent Mr. -- is it Quintero?

23         MR. JAMISON:  Agne Vasquez.

24         THE COURT:  Agne Vasquez.  All right.  All right.

25  Well, I'll set both of those, then, for Tuesday.  I'm going to

 1  leave Mr. Hernandez's for Friday.

 2          A VOICE:  At 2:00 o'clock?

 3          MR. KULL:  2:00 o'clock.

 4          MR. HERRINGTON:  And again, Judge, it is certainly

 5  possible, but I don't know right now, these hearings may be

 6  waived.  But it's just going to have to take some legwork.

 7          THE COURT:  I understand.  I understand.  All right.

 8  Sir, do you have any questions about anything that we have

 9  covered here today?

10          DEFENDANT PICASSO:  No.

11          THE COURT:  All right.  Then, Mr. Herrington, anything

12  else the Court should address?

13          MR. HERRINGTON:  Thank you, Your Honor, no.

14          THE COURT:  Mr. Kull?

15          MR. KULL:  No, Your Honor.  Thank you.

16          THE COURT:  All right.  You may have a seat, sir.

17  Counsel are excused if they have no further matters before the

18  Court.

19      All right.  Ms. Vasquez?  Ms. Vasquez, it's my

20  understanding that you need the services of a Spanish

21  interpreter.  Is that right?

22          DEFENDANT M. VASQUEZ:  (through interpreter)  Yes.

23          THE COURT:  All right.  Ms. Adriano is here, she's

24  been sworn, and she'll be assisting you today.

25      Do you understand the constitutional rights that I

1    explained at the beginning of the hearing?

2              DEFENDANT M. VASQUEZ:  Yes.

3              THE COURT:  Do you understand the right to consular

4    notification?

5              DEFENDANT M. VASQUEZ:  Yes.

6              THE COURT:  Do you wish to consult with an attorney

7    before deciding whether to invoke this right if it does in fact

8    apply to you?

9              DEFENDANT M. VASQUEZ:  Yes.

10             THE COURT:  Has a copy of the criminal complaint been

11   translated for you?

12             DEFENDANT M. VASQUEZ:  Yes.

13             THE COURT:  Do you understand what you're being

14   accused of here?

15             DEFENDANT M. VASQUEZ:  Yes.

16             THE COURT:  Have you hired your own lawyer to

17   represent you?

18             DEFENDANT M. VASQUEZ:  Not up to this moment, no.

19             THE COURT:  Can you afford to hire an attorney?

20             DEFENDANT M. VASQUEZ:  No, not up to now, no.

21             THE COURT:  Would you like for the Court to appoint

22   one for you?

23             DEFENDANT M. VASQUEZ:  Yes.

24             THE COURT:  I have here a signed financial affidavit

25   that is in both English and Spanish.  Can you see the signature

1    on the second page that I'm holding up?

2              DEFENDANT M. VASQUEZ:  No, I cannot see that far.

3              THE COURT:  I'm going to hand this document down and

4    ask you to tell me if that's your signature on the second page.

5              DEFENDANT M. VASQUEZ:  Yes.

6              THE COURT:  All right.  Did you personally fill out

7    this affidavit?

8              DEFENDANT M. VASQUEZ:  Yes.

9              THE COURT:  Do you understand that you answered the

10   questions and signed the affidavit under oath?

11             DEFENDANT M. VASQUEZ:  Yes.

12             THE COURT:  And do you understand that that means that

13   if you answered any questions falsely that you could later be

14   prosecuted for perjury or making a false statement?

15             DEFENDANT M. VASQUEZ:  Yes.

16             THE COURT:  Based on my review of your affidavit, I do

17   find that you qualify for the appointment of counsel, and I'm

18   appointing the Federal Public Defender's Office to represent

19   you.  Have you had a chance to meet Ms. Harper, who's here

20   today from that office?

21             DEFENDANT M. VASQUEZ:  Yes.

22             THE COURT:  All right.  Do you have any questions

23   about the appointment of counsel?

24             DEFENDANT M. VASQUEZ:  No, it's all right.

25             THE COURT:  Because you're here on a criminal

1  complaint instead of an indictment, you have the right to what

2  we call a preliminary hearing or a probable cause hearing.

3  That's a hearing where the Government will have to show that

4  there's probable cause to believe that you committed the crime

5  with which you're being charged.  The Government has to show

6  that there's enough proof of these proceedings to hold you at

7  this stage of the process.  Do you understand your right to a

8  preliminary hearing?

9          DEFENDANT M. VASQUEZ:  Yes.

10          THE COURT:  The Government has filed a motion to

11  detain you.  They are asking that you be kept in custody

12  pending any further proceedings in this case.  So you also have

13  the right to a detention hearing for the Court to hear evidence

14  to decide if a bond can be set or whether you should have to

15  stay in jail.  Have you had a chance to visit with Ms. Harper

16  about your right to this hearing?

17          DEFENDANT M. VASQUEZ:  Yes.

18          THE COURT:  And Ms. Harper, how would Ms. Vasquez like

19  to proceed?

20          MS. HARPER:  Your Honor, we're kind of in the same

21  situation as the other defendants.  We're going to need a

22  little more time to discuss whether or not it's in her best

23  interest to exercise the right to have that hearing.  So, we'd

24  ask for a continuance to Friday at the latest, Your Honor.

25          THE COURT:  Okay.  Ms. Vasquez, do you understand that

1  you're going to stay in jail at least until we can have these

2  hearings?

3          DEFENDANT M. VASQUEZ:  Yes.

4          THE COURT:  Okay.  I'm going to set your hearings for

5  Friday at 2:00 o'clock.  Do you have any questions about what

6  we have covered here so far?

7          DEFENDANT M. VASQUEZ:  No, everything's all right.

8          THE COURT:  Okay.  Then you may have a seat and we're

9  adjourned as to this matter.  Counsel are excused if they have

10  no further matters before the Court.

11      Mr. Kull, I do have some questions about your policy.  I

12  want to understand it.  Explain the policy to me, because I've

13  got a couple of questions for you.

14          MR. KULL:  Sure.  Yes, Your Honor.  My policy is that

15  in these type of cases, these large conspiracy cases where

16  there's all sorts of confidential sources and undercover agents

17  and that sort of thing, if the defendant would like to

18  cooperate, the cooperation starts today.  By today, I mean that

19  they waive their detention hearings and their probable cause

20  hearings.  And in doing that, then the Government would -- we

21  will seek to speak with them regarding anything they may know

22  that may be beneficial to the Government for a potential 5K.

23          THE COURT:  All right.  And just to clarify, if a

24  defendant chooses to exercise his or her right to have a

25  detention hearing and a probable cause hearing, does that mean

1   that the Government will not file a 51K if they later decide

2   to seek to cooperate?

3           MR. KULL:  Well, we won't seek their cooperation nor

4   will we talk with them with regard to a 5K if they decide not

5   to cooperate from day one.

6           THE COURT:  All right.  It has been my practice to

7   make a finding after taking waivers of probable cause and

8   detention hearings that the waivers are given knowingly and

9   voluntarily.  Knowing that this is -- now knowing, because

10  this is the first time that I've ever heard that this policy

11  is used in the Dallas Division, how can I make a finding that

12  such a waiver is knowing or voluntary since the defendant is

13  having to choose between, at this early stage of the

14  proceedings, between exercising his or her right to these

15  hearings and cooperation later on?

16          MR. KULL:  Well, I just think it's a waiver, it's a

17  right that can be waived depending on what the defendant wants

18  to do.  I mean, it's just like anything else that's knowingly

19  and intentionally waived.  They need to make a decision of

20  what's in their best interest and how they want to proceed.  I

21  am more than happy to have detention hearings or probable

22  cause hearings all day long with these defendants.  I've just

23  found that, in these type of cases, it -- the better policy,

24  at least from the Government's perspective, or my perspective,

25  is that if the defendant wants to cooperate, they're on board

1    from the very beginning.

2            THE COURT:  All right.

3            MR. KULL:  And I think it's a right that, if you can

4    waive a right to a jury, which is in the Bill of Rights, then

5    certainly you can waive a right, I believe, the statutory

6    rights to a detention hearing or probable cause hearing.  They

7    have the -- they have all the -- well, not all of it,

8    obviously, but a lot of the evidence against them in the

9    probable cause, so they know what we have against them, and

10   they've had the opportunity to talk with defense counsel and

11   see whether it's in their interest to proceed and potentially

12   waive that right.

13           THE COURT:  All right.  I understand the right to

14   waive a jury trial and how it typically works with that.  I

15   guess my concern is that many times the defense attorney has

16   been appointed just that morning and just had an opportunity

17   briefly to visit with the defendant before the hearing.  And

18   I'm concerned that that does not afford adequate opportunity

19   for counsel to exercise their duties of representation to

20   their client.

21       I also have a concern about how this policy might or might

22   not conflict with the Bail Reform Act.  In the purposes it

23   says everyone should be afforded bail unless the Court finds a

24   danger to the community or a flight risk.  So this is the

25   first -- I'm just -- I'm asking questions, I'm seeking to

1  understand the policy, because, again, until today I'd never

2  heard that the policy was used here in the Dallas Division.

3  So, --

4      MR. KULL:  Yes, ma'am.

5      THE COURT:  -- I'm asking questions.  And to the

6  extent that there are waivers on Friday from some of the

7  defendants who've asked for continuances to consider their

8  options, we may have to address that on the record.

9      MR. KULL:  Okay.  Well, I've never -- yeah, I've

10 pressed the defendant on the particular day of the assignment.

11 I've asked for three days' continuance.  That gives them

12 enough time, I believe, to consult with counsel about, as

13 several defense attorneys have mentioned, as Ms. Harper has,

14 what's in the best interest of their clients, what they want

15 to do.  So, --

16     THE COURT:  All right.  All right.  Well, thank you

17 very much.  We are adjourned.

18     (Proceedings concluded at 3:32 p.m.)

19                      --oOo--

20

21                    CERTIFICATE

22    I certify that the foregoing is a correct transcript from
   the digital sound recording of the proceedings in the above-
23 entitled matter.

24 _____        _____

25
   Kathy Rehling, CET**D-444                    Date
   Certified Electronic Court Transcriber

1                                    INDEX

2  PROCEEDINGS                                                      3

3  Tony Hernandez (1)                                               4
   Johnny Angel Gamez (2)                                           8
4  Sergio Picasso-Nieto (3)                                        31
   Miguel Quintero (4)                                            12
5  Agne Vasquez (5)                                               17
   Roberto Vasquez (8)                                            24
6  Maria Reyna Vasquez (9)                                        38

7  WITNESSES

8  -none-

9  EXHIBITS

10 -none-

11 RULINGS

12 END OF PROCEEDINGS                                               45

13 INDEX                                                           46

14

15

16

17

18

19

20

21

22

23

24

25